GLADYS HODSON ET AL., PLAINTIFFS-APPELLEES, v. ROBERT McDOUGAL, DEFENDANT-APPELLANT.

Decided July 24, 1924.

**Malicious Prosecution—Defendant Having Brought Action Against Plaintiff Requested Court to Adjourn His Suit Without Day, Which Was Done—Defendants Claim that Plaintiff Failed to Show that the Prosecution was at an End at the Time this Suit was Brought Not Sustained.**

On appeal from the Second Judicial District Court of Morris county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Seth H. Ely.*

For the appellees, *King & Vogt.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Second Judicial District of the county of Morris, rendered in favor of the plaintiffs and against the defendant-appellant.

The plaintiffs, husband and wife, brought an action for malicious prosecution against the defendant for causing the arrest of Gladys Hodson, without probable cause, on July 6th, 1923, the court sitting with a jury.

The only specification presented for reversal and argued in appellant's brief is that the court erred in refusing to direct a verdict for defendant, as requested by defendant's counsel. The ground of this motion, as disclosed by the state of the case agreed upon between the counsel of the respective parties, was that the plaintiffs failed to show that the prosecution was at an end in the magistrate's court, before whom the proceedings were instituted, at the time the plaintiffs brought their action.

From the state of the case it appears that the magistrate before whom the plaintiff Gladys Hodson was taken, fixed a day for the hearing of the cause, but that none was had because Mr. Ely, who appeared for the complainant, the defendant in the present action, telephoned the magistrate that the complainant was not going on with the matter, and to adjourn the case without date, with which request the magistrate complied.

From the complaint in question, it appears that the offense attempted to be charged was one of which the magistrate had jurisdiction to hear and determine. 2 *Comp. Stat.*, § 3, *p.* 1927; § 37, *p.* 1937. The complaint upon which the female plaintiff was arrested is not before us and was without any information whether it contained all the essential elements constituting the offense of disorderly conduct under section 3, *supra.*

There is no provision in the act concerning disorderly persons which confers on the magistrate authority to adjourn the hearing to a day to be fixed later. The adjournment of the cause without day, by the magistrate, was tantamount to a dismissal thereof. The case was at an end. The refusal of the trial judge to direct a verdict for defendant upon the ground that there was no proof that the case was at an end at the time the plaintiffs brought their action was therefore proper.

Judgment is affirmed, with costs.